T. A. JENNINGS, *Plaintiff in Error, v.* THE SAUNDERS COMPANY, *a Corporation, Defendant in Error.*

A purchaser of corporate stock at an execution sale succeeds to "all the rights and liabilities of the prior holder," and where the corporation holds the stock for the amount of the purchase price due thereon by the execution debtor, the corporation will not be required by mandamus to transfer the stock to the execution purchaser before he has paid the amount of the purchase price due thereon.

This case was decided by the Court en Banc.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error;

*E. C. Maxwell,* for Defendant in Error.

PER CURIAM—An alternative writ of mandamus was issued by the Circuit Court for Escambia County commanding The Saunders Company to transfer certain shares of its capital stock or to show cause for not doing so.

The return shows that in the organization of The Saunders Company, J. L. Sowell, Jr., subscribed to seventy-five shares of the stock at $100.00, each, but the said Sowell has never paid the corporation for the stock nor made any payment on account thereof, nor has the said stock ever been issued to him; that stock certificates Nos. 9 and 10 were filled in for fifty and twenty-five shares respectively of the stock designed to be issued to the said Sowell in accordance with his subscription and were signed by the president of the corporation, but were never signed by the secretary thereof, nor was the seal of the corporation attached thereto, nor were the said shares of stock ever issued or delivered to the said Sowell; that said Sowell delivered to the corporation his note payable June 30th, 1909, for $750.00, due upon said subscription, and the note was held by the corporation for the purpose of issuing the stock should payment therefor be made by Sowell in accordance with his subscription; that after the note became due and unpaid, it was agreed between the corporation and Sowell that the subscription and note should be canceled and the stock returned or the claim of Sowell surrendered; that the note was surrendered to Sowell; that at the time of the levy of the execution under which the relator claims, The Saunders Company, by its secretary and treasurer, made return to the Sheriff that nothing had been paid upon the subscription to the stock by Sowell, and that the company held the note of Sowell for the subscription price, and that T. A. Jen-

nings, the relator, purchased the stock under the execution sale with full knowledge that no payment had been made on the stock; that respondent declined to issue the stock to relator unless he paid for the same, which relator declined to do. The court overruled a demurrer to the return, and the relator not desiring to further plead to the return a judgment for the respondent was rendered, and a writ of error thereto was taken by the relator.

Even if Sowell was the owner of the legal or equitable title to the unissued shares of capital stock, the purchaser at the execution sale took his rights thereunder with full knowledge of and subject to the rights of the corporation to hold the stock until the amount due thereon was paid. See Section 2556 of the General Statutes of 1906. The relator has "all the rights and liabilities of the prior holder" and no other.

Judgment affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.